By the Court.—Van Vorst, J.
Upon this appeal it has been earnestly contended by the appellant’s counsel, that the case does not show that it was the defendant’s wagon which did the injury complained of.
There was assuredly enough in the plaintiffs’ evidence to take the case to the jury upon the question as to whether the injury was occasioned by the wheel of the defendant’s ice cart.
The plaintiffs’ driver testified that at the time of the collision of the two wagons, at the corner of West and Vesey streets, he was seated on his truck. He was going towards Jay street. He saw the defendant’s cart approach; he says, “they started the ice cart, and ran the wheel over my horse’s leg.” Upon his cross-examination the witness said, “I know he” (the defendant’s driver with his cart), “ went behind my back strap, and it must be his wheel that passed over my horse’s leg and cut it; it must have been the hind wheel; it was a wheel of the cart which ran over my horse’s foot;” and he added that when the hind wheel went over the horse’s foot “ he flinched.”
Now, it appears to us that the plaintiffs’ driver, from his situation on the truck, and with his observation of the movements of the defendant’s driver, and the passage of the wheels of his cart behind his back strap, could not be mistaken as to the cause of his horse’s “ flinching.” It was when the defendant’s wheel passed over and crushed it. After" such statement, there can be no reasonable doubt but that the jury were right when they *432 decided that the injury was done by the defendant’s wagon. Why speculate about other causes, when there was present an efficient cause, to do the precise injury ?
Conceding the correctness of the contention of the defendant’s counsel that negligence must be shown by competent proof, and not be left to conjecture, an examination of the evidence shows that there was enough therein to justify the conclusion reached by the jury, that the negligence of the defendant’s servants in driving the ice cart, under the circumstances disclosed, occasioned the injury, and that there was no contributory negligence on the part of the plaintiffs’ driver. Such questions in a case like the one under consideration, where a collision occurs between vehicles in a place so crowded as the one where this injury occurred, where reasonable care should be exercised by persons driving, both to avoid injury to one’s self or to cause it to others, may well be left to the judgment of a jury whose verdict, when there is any reliable evidence as to the cause of the injury, is not likely to be otherwise than right.
In this case, the parties and the jury had the benefit of a carefully prepared charge by the learned judge who presided on the trial, with instructions so clear and just that the jury could not fall into error in accepting it as a guide.
The defendant, after 'the judge had completed his charge, asked the court to charge in these words : “If you find from the evidence, that the plaintiffs’ driver drove his horses close to the wheel of the defendant’s wagon upon nice calculations of the chances óf injury, then that in itself constitutes such negligence as would prevent the plaintiffs’ recovery, and entitle the defendant to a verdict.” The court declined to charge otherwise than it had already charged. The defendant’s counsel excepted. The true question under this head, which was one of contributory negligence, was, did the action of the plaintiffs’ driver in conducting his vehicle on the occasion, lead or contribute to the injury % It matters not what *433 his calculations were, or how nice—was he guiltjr of negligence ? In his charge the learned judge had already fully discussed that subject, and he had distinctly called the attention of the jury not only to the effect of contributory negligence upon the plaintiffs’ rights, but as to what conduct on the part of his driver would constitute such negligence. The subject was exhausted by the charge as made, and the instruction asked for could have answered no useful purpose.
The defendant’s counsel also asked the judge to charge the jury as follows : “If you are satisfied from the evidence that the injuries complained of were aggravated by the subsequent negligence of the plaintiffs’ driver in driving his horse after he was aware of the injury, this fact must be considered in mitigation of plaintiffs’ damages.” This request was properly refused by the court. The injury to the horse by the passage of the heavy wheel of the ice cart over its foot, was the destruction of the “ os corona.” It was impossible for the horse to recover, and the question suggested by the request is therefore immaterial. It was necessary that the horse, although injured, but to an extent not at once discovered, should be driven to its stable. There could be no apportionment of the damage under such conditions, even if the fact was that the plaintiffs’ servant drove faster than he should have done after the injury. The damages recoverable could only be for the value of the horse, with the surgeon, and stable bills, and as the real injury which rendered the horse valueless was received through the negligence of the defendant’s servants, it was entirely proper that it should compensate the plaintiffs for their loss.
As examination of the whole case discloses no error upon the trial which should lead to the reversal of the judgment. The result reached was correct, and it should not be disturbed.-
The judgment and order are affirmed with costs.
Sedgwick, Oh. J., concurred.